```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
BRYAN SMITH,                          :  10 Civ. 8237 (CM) (JCF)
                                      :
             Plaintiff,               :      REPORT AND
                                      :      RECOMMENDATION
      - against -                     :
                                      :
SAKI RESTAURANT CORP., and ISAMI      :
NAGAI,                                :
             Defendants.              :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE COLLEEN McMAHON, U.S.D.J.:

In this action, Bryan Smith sues his former employer, Saki Restaurant Corp. ("Saki"), and its owner, Isami Nagai, for violations of the Fair Labor Standards Act and New York Labor Law. Mr. Nagai failed to appear for his deposition, and the plaintiff has submitted a letter application for sanctions, including entry of a default judgment against Mr. Nagai. (Letter of Matthew Dunn dated July 18, 2011 ("Dunn 7/18/11 Letter")). For the reasons set forth below, I recommend that the motion be granted.

Background

The scheduling order in this case provides that all discovery was to be completed by July 15, 2011. (Civil Case Management Plan dated Jan. 28, 2011, ¶ 6). Mr. Nagai was scheduled to be deposed on July 11, 2011, but he did not attend. (Letter of Matthew Dunn dated July 11, 2011 ("Dunn 7/11/11 Letter")). Plaintiff's counsel then requested that I order Mr. Nagai to appear for deposition by

1

July 15, 2011, failing which a judgment would be entered against him. (Dunn 7/11/11 Letter). My chambers attempted to contact Mr. Nagai's attorney to elicit a response, but the telephone messages were not returned. Accordingly, I granted the plaintiff's application and issued the requested order. (Memorandum Endorsement dated July 14, 2011).

Again, Mr. Nagai failed to appear. (Dunn 7/18/11 Letter at 1). Accordingly, I ordered him to show cause in writing by July 27, 2011 why a default judgment should not be entered against him. (Memorandum Endorsement dated July 20, 2011). I received no response.

Discussion

Rule 37 of the Federal Rules of Civil Procedure provides that a court may issue sanctions where "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). In appropriate circumstances, these sanctions may include dismissal of the action or entry of judgment by default. Fed. R. Civ. P. 37(b)(2)(A)(v), (vi). "Thus, the Court may properly render a default judgment against the disobedient party for its failure to attend its own depositions." Xstrata Canada Corp. v. Advanced Recycling Technology, Inc., No. 1:08-CV-1366, 2010 WL 1539722, at *2 (N.D.N.Y. April 19, 2010) (internal quotation marks omitted).

A case-terminating sanction such as dismissal or default "'is a harsh remedy to be used only in extreme situations, and then only when a court finds "willfulness, bad faith, or any fault"' by the non-compliant litigant." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990)). Factors to be considered in choosing the appropriate sanction include (1) the duration of the party's noncompliance, (2) whether the party was on notice that noncompliance would result in dismissal or default, (3) the reason for noncompliance and the willfulness of the party's conduct, and (4) the efficacy of lesser sanctions. Id. at 302-03.

Of these considerations, only the first militates against entering a default judgment against Mr. Nagai. His failure to appear at his deposition was recent. On the other hand, he failed to attend both when the deposition was originally scheduled and again when I ordered him to appear. Furthermore, since he never responded to the order to show cause, there is no prospect of his curing his noncompliance.

All of the other factors favor granting the plaintiff's application. Mr. Nagai was explicitly warned that failure to appear for his deposition could result in entry of a judgment against him. (Memorandum Endorsement dated July 14, 2011;

3

Memorandum Endorsement dated July 20, 2011).  As he failed to respond to the order to show cause and offer any explanation for not complying with my order, his conduct must be presumed to be willful.  And, no sanction less severe than default would be effective.  Mr. Nagai has demonstrated that he is not amenable to court orders, and there is no cure for the plaintiff's inability to obtain discovery from Mr. Nagai other than to grant the plaintiff judgment.  Accordingly, entry of judgment by default is warranted.  See Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989).

Conclusion

For the reasons discussed above, I recommend that the plaintiff's application be granted and judgment by default be entered against defendant Isami Nagai.  In the event that the case proceeds against the corporate defendant, it would be most efficient to defer calculation of damages on the default until trial.  Otherwise, it will be necessary to conduct an inquest.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Colleen McMahon, Room 1350, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York,

New York 10007.  Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         August 3, 2011

Copies mailed this date to:

Matthew T. Dunn, Esq.
Getman & Sweeney, PLLC
9 Paradies Lane
New Paltz, New York  12561

Victor A. Nezu, Esq.
Law Offices of Victor A. Nezu PC
1001 Avenue of the Americas, 4th Floor
New York, New York  10018